# REPORTS OF CASES

DECIDED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

---

### KNIGHT

*v.*

### THE UNITED STATES.

---

CRIMINAL LAW; BIGAMY.

Sec. 5253, R. S. U. S., as amended by the act of Congress of March 22, 1882, defining bigamy, is in force in this District, and repealed the statute of 1 James 1, ch. 11, relating to the same crime.

No. 427. Submitted March 4, 1895. Decided March 18, 1895.

HEARING on an appeal by a defendant indicted and convicted of the crime of bigamy. *Judgment affirmed.*

The COURT in its opinion stated the case as follows:

The appellant, John T. Knight, was indicted for bigamy, the charge being that he lived and was married in the city of Baltimore, Maryland, in the year 1859, and that he married a second wife in the city of Washington, District of Columbia, in 1894, his first wife still living. He pleaded not guilty, and was tried and convicted, and upon such conviction he was sentenced to punishment. There was no demurrer to the indictment, nor was there a motion in arrest of judgment; and the only question presented on this appeal is, as to the correctness of the court's ruling in re-

fusing to grant a prayer for instruction to the jury, upon the evidence in the case.

It appears from the evidence set out in the bill of exception, that the defendant, then living in Baltimore, some years after his first marriage, separated from his first wife, and cohabited with another woman in that city; that for seven or eight years previous to the trial below, the defendant had continuously resided in the city of Washington, District of Columbia, and that his first wife had never been in the District of Columbia at any time, until she came to attend the trial of this case, on the 19th of December, 1894; that the second marriage took place here in the District of Columbia, on the 20th of June, 1894, and that the defendant, at the time of his second marriage, knew that his first wife was still living in the city of Baltimore.

Upon this evidence, the court was asked to instruct the jury, that their verdict must be for the defendant, although they might find that the defendant, at the time of his second marriage, knew that his first wife was still living. This prayer the court rejected, and it presents the only question for determination on this appeal.

*Mr. O. D. Barrett* and *Mr. E. G. Niles* for the appellant:

1. The statute of 1 James 1, ch. 11, was in force in this District up to March 2, 1831. Act of Md. 1706, ch. 8; *Barber* v. *Maryland*, 5 Md. 161; act of 1801, 2 Stat. 103.

2. The act of March 2, 1831, changed the punishment prescribed by the statute of James, but merely changing the punishment does not repeal any part of the previous statute save that relating to punishment. 23 Ency. Law, 497–8.

3. The act of 1862 (12 Stat. 501), did not repeal the Statute of James. The language of the act of 1862 is broad enough to include this District; but general words in a general statute do not repeal a specific act in the absence of specific words expressly effecting such repeal. Sedg. on Stat. 98, note *a*. The two statutes can stand

together without destroying the evident intent of the latter, and when this is so, the latter does not by implication repeal the former. *Roberts* v. *Fahs*, 36 Dec. 268. Congress itself held the act of 1862 not to repeal the statute of James, in that it embodied the act of 1831 in the R. S. D. C. as sec. 1155. The fact that the act of 1862 became sec. 5352 R. S. U. S. does not change the matter, but gives an illustration of the force Congress gave to a specific statute over that of a general statute. The R. S. D. C. and the R. S. U. S. were approved the same day, but the last section of the former shows plainly that this revision was the last enacted.

4. The act of 1882, amending sec. 5352 R. S., contains no words extending the territorial scope of that section.

5. The statute of James being in force in this District, the appellant is within the terms of the first exception in that statute. Baltimore is " beyond seas " as to this District. 2 Wharton Cr. Law (9th ed.), sec. 1692, note 6; *Davie* v. *Briggs*, 97 U. S. 637.

6. The General Term of the Supreme Court of this District held sec. 5352 R. S. U. S. not to be in force here. *United States* v. *Crawford*, 6 Mackey, 319.

*Mr. A. A. Birney*, United States Attorney for the District of Columbia, and *Mr. C. H. Armes*, Assistant Attorney for the United States.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The prayer asked by the defendant was framed and offered upon the assumption that the old English statute of 1 James I, ch. 11 (which has not been the law of England in its full extent within the present century), is still in force in this District, and that the defendant is entitled to be protected from the prosecution for bigamy, upon the theory that by the terms of the first *proviso* to the statute of James, his first wife, being in the city of Baltimore, *was and*

*had remained beyond seas for more than seven years*, though he had deserted her and left her remaining where he married her. This remarkable contention is founded upon a supposed analogy to the construction of the term " beyond seas " in statutes of limitations, where it has been held that the term " beyond seas " in a proviso in a statute of limitations is equivalent to " without the limits of the State," where the statute was in force. But whatever may be thought of such a defence in a case like the present, it is very clear, we think, it can have no application here, upon the conceded facts of the case. It is doubtless true that the Stat. of Jac. was in force in this District for many years, as part of the laws taken from Maryland and adopted here, though the punishment under that statute was greatly changed and mitigated by the act of Congress of 1831, known as the Crimes Act, entitled "An Act for the punishment of crimes in the District of Columbia." (See sec. 1155, R. S. D. C.) The statute of James remained in modified force in this District until the act of Congress of July 1, 1862, ch. 126, which latter act we find revised and incorporated as section 5352 in the Revised Statutes of the United States, under the title " Crimes arising within the Maritime and Territorial Jurisdiction of the United States ;" and which section 5352, as amended by the act of Congress of March 22, 1882, reads as follows :

" Every person who has a husband or wife living who, in a Territory or *other place over which the United States have exclusive jurisdiction*, hereafter marries another, whether married or single, and any man who hereafter simultaneously, or on the same day, marries more than one woman, in a Territory or other place over which the United States have exclusive jurisdiction, is guilty of polygamy, and shall be punished by a fine of not more than five hundred dollars and by imprisonment for a term of not more than five years; but this section shall not extend to any person by reason of any former marriage whose husband or wife by such marriage shall have been absent for five successive years, *and*

*is not known to such person to be living, and is believed by such person to be dead,* nor to any person by reason of any former marriage which shall have been dissolved by a valid decree of a competent court, nor to any person by reason of any former marriage which shall have been pronounced void by a valid decree of a competent court, on the ground of nullity of the marriage contract."

This section of the Revised Statutes is a full substitute in every respect for the old English statute of James ; but instead of making the crime a felony, as did the statute of James, it makes it a misdemeanor only ; and it is not reasonable to suppose that Congress intended that two such inconsistent rules or definitions, with such inconsistent qualifications, as we find in the two statutes, should exist in regard to the same crime in fact, within the jurisdiction of the United States. Having undertaken to define the crime and to regulate the whole subject-matter, in language sufficiently comprehensive to embrace this District, we can perceive no reason for excluding this District from the operation of the statute of the United States. The crime belongs to the criminal code of the United States, and there is every reason for supposing that Congress intended uniformity in the definition of the crime, and in the conditions that would excuse from prosecution ; otherwise, inevitable conflicts would arise, with danger, in many cases, of defeating the object and policy of the United States statute.

The case of the *United States* v. *Crawford,* 6 Mackey, 319, referred to in argument, cannot be relied upon as a controlling authority in this case. There the indictments were not for bigamy, but for fornication. Some of the general reasoning in the case does, undeniably, maintain that section 5352 of the Revised Statutes of the United States is not in force in this District, but we can hardly think that the facts of that case required the Court to go so far.

Finding no error, we affirm the judgment.

*Judgment affirmed.*